Argued and submitted September 2, 1992, reversed and remanded March 31, 1993

Bruce F. TAYLOR
and Susan L. Taylor,
husband and wife,
*Appellants,*

*v.*

Stewart McCOLLOM
and Ann McCollom,
husband and wife,
Virginia W. Cotton and Peter W. Cotton,
*Respondents.*

(90-2095-E-2; CA A70190)

849 P2d 1123

Carlyle F. Stoutt III, Medford, argued the cause and filed the briefs for appellants.

A. E. Piazza, Medford, argued the cause for respondents Stewart McCollom and Ann McCollom. With him on the brief was Piazza & Piazza, Medford.

Robert E. Bluth, Medford, argued the cause for respondents Virginia W. Cotton and Peter W. Cotton. With him on the brief were William V. Deatherage and Frohnmayer, Deatherage, Pratt, Jamieson & Turner, P.C., Medford.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Plaintiffs brought this action against defendants, alleging that the height of the house that defendants McCollom built on property adjoining plaintiffs' obstructed their view, in violation of the restrictive covenants for the subdivision. Plaintiffs also alleged that Peter Cotton[1] made misrepresentations to them about the prospective height of the as yet unbuilt McCollom house at the time plaintiffs purchased their property and after, thereby violating the Unlawful Trade Practices Act. *See* ORS 646.608(1)(e), (g). The trial court granted summary judgment for all defendants. Plaintiffs appeal, contending that the summary judgments were error and that there are questions of fact concerning each defendant's liability. We reverse.

■    There was evidence from which it could be inferred that Peter Cotton was acting on behalf of the seller in connection with plaintiffs' purchase, that he was aware of and involved in the planning of the McCollom house and that he made representations that turned out not to be correct about the height of the house and the preservation of plaintiffs' view. The Cottons argue that plaintiffs submitted no evidence that the neighboring house violated the restrictions. They are incorrect. The covenants were in evidence, and a fact finder could determine that the house violated their vaguely worded height and view provisions. More fundamentally, the alleged representations went beyond the covenants; they pertained to what the height of the house *would* be.

The Cottons also contend that plaintiffs' reliance on Peter Cotton's representations was unreasonable, in essence, because he could not have made more than a guess about the eventual height of the house at the time he made the representations and, further, because plaintiffs were required to rely on the restrictive covenants themselves, rather than on what he said about them. We disagree. In addition to his direct involvement in the preparations for the house, Peter Cotton was a member of the subdivision's architectural review committee, which is responsible for approving building proposals and applying the restrictive covenants. Also, as

---

[1] Plaintiffs contend that Peter Cotton acted as the agent for Virginia Cotton, the developer of the subdivision.

noted, the representations concerned matters beyond what the covenants require. Whether plaintiffs' reliance on the representations was reasonable is a question of fact. The summary judgment for the Cottons was error.

■     The summary judgment for the McColloms presents a closer question. Plaintiffs contend that the McColloms did not submit their house plans to the review committee in accordance with the written application procedure outlined in the design review manual, an incorporated part of the covenants. Rather, they contend, they presented evidence that the plans were transmitted to Peter Cotton, without all of the necessary documentation, and were approved "informally" only by the Cottons, rather than by the full committee.

Defendants and the trial court acknowledged that there were "procedural deficiencies in the review and approval of the plans."[2] The Cottons argue that that is immaterial, however, because no factual question as to a violation of the restrictive covenants was established. We have already rejected that argument.

The McColloms rely on the principle that restrictive covenants should be strictly construed. However, the plan submission provisions are not ambiguous and, if plaintiffs' evidence is believed, the provisions clearly were not complied with. The McColloms also argue, implicitly, that the plans were in compliance with the covenants and would have been approved if required procedures had been followed. That is a material question for the fact finder to resolve.[3] The summary judgment for the McColloms was also erroneous.

---

[2] The Cottons state in their brief that plaintiffs' house was approved in the same manner. We do not foreclose the possibility that "custom" may be a relevant consideration in resolving this issue.

[3] So, too, is the question of whether and to what extent the application and review requirements were violated. For purposes of this appeal, we of course view the evidence favorably to the parties opposing the motions.

The premise that runs through the McColloms' arguments is that they could not have breached the covenants if their application was adequately submitted and approved. Plaintiffs' argument on this issue seems to alternate its target between the McColloms and the review committee as an entity. It is unnecessary to decide in this appeal whether the McColloms' premise is necessarily correct. As to plaintiffs' argument, we note that neither the subdivision association nor the committee is a party.

Plaintiffs also assign error to the court's award of attorney fees to the McColloms. That award is automatically vacated by our disposition. Finally, they contend that the trial judge was actually biased and erred by not disqualifying himself, as they moved that he do. That contention is rendered moot by our decision.[4]

Reversed and remanded.

---

[4] Plaintiffs ask us to direct the trial judge to recuse himself on remand. The disqualification motion was made after the court had ruled on the merits, and the court indicated that it would reconsider the recusal issue if the case were remanded. That is where the discretionary decision should be made in the first instance.